**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
        chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **John Coby**,<br><br>            Plaintiff,<br><br>v.<br><br>**Vision Solar LLC**, an Arizona Limited Liability Company; **Vision Solar Arizona LLC**, an Arizona Limited Liability Company; and **Jonathan Seibert and Jane Doe Seibert**, a Married Couple,<br><br>            Defendants. | No. _____<br><br>**VERIFIED COMPLAINT** |

Plaintiff, John Coby ("Plaintiff"), sues the Defendants, Vision Solar LLC, Vision Solar Arizona LLC, and Jonathan Seibert and Jane Doe Seibert (collectively, "Defendants" or "Vision Solar") and alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S."); and the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 8.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4. The AWA, A.R.S § 23-350, et seq., establishes the law regarding the payment of wages within the State of Arizona.

### JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

7.     At all material times, Plaintiff is an individual residing in Maricopa County,

Arizona, and is a former employee of Defendants.

8.     At all material times, Defendant Vision Solar LLC was a limited liability

company duly licensed to transact business in the State of Arizona.  At all material times,

Defendant Vision Solar LLC does business, has offices, and/or maintains agents for the

transaction of its customary business in Maricopa County, Arizona.

9.     Defendant Vision Solar LLC is an Arizona limited liability, authorized to

do business in the State of Arizona and is at all relevant times Plaintiff's employer as

defined by 29 U.S.C. § 203(d).

10.     Under the FLSA, Defendant Vision Solar LLC is an employer.  The FLSA

defines "employer" as any person who acts directly or indirectly in the interest of an

employer in relation to an employee.  At all relevant times, Defendant Vision Solar LLC

had the authority to hire and fire employees, supervised and controlled work schedules or

the conditions of employment, determined the rate and method of payment, and

maintained employment records in connection with Plaintiff's employment with

Defendants.  As a person who acted in the interest of Defendants in relation to the

company's employees, Defendant Vision Solar LLC is subject to liability under the

FLSA.

11.     At all material times, Defendant Vision Solar Arizona LLC was a limited

liability company duly licensed to transact business in the State of Arizona.  At all

material times, Defendant Vision Solar Arizona LLC does business, has offices, and/or

-3-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

1    maintains agents for the transaction of its customary business in Maricopa County,

2    Arizona.

3        12.    Defendant Vision Solar LLC Arizona is an Arizona limited liability,

4    authorized to do business in the State of Arizona and is at all relevant times Plaintiff's

5

6    employer as defined by 29 U.S.C. § 203(d).

7        13.    Under the FLSA, Defendant Vision Solar Arizona LLC is an employer.

8    The FLSA defines "employer" as any person who acts directly or indirectly in the interest

9    of an employer in relation to an employee.  At all relevant times, Defendant Vision Solar

10   Arizona LLC had the authority to hire and fire employees, supervised and controlled

11

12   work schedules or the conditions of employment, determined the rate and method of

13   payment, and maintained employment records in connection with Plaintiff's employment

14   with Defendants.  As a person who acted in the interest of Defendants in relation to the

15   company's employees, Defendant Vision Solar Arizona LLC is subject to liability under

16

17   the FLSA.

18       14.    Defendants Jonathan Seibert and Jane Doe Seibert are, upon information

19   and belief, husband and wife.  They have caused events to take place giving rise to the

20

21   claims in this Complaint as to which their marital community is fully liable.  Jonathan

22   Seibert and Jane Doe Seibert are owners of Vision Solar and were at all relevant times

23   Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

24       15.    Under the FLSA, Defendants Jonathan Seibert and Jane Doe Seibert are

25

26   employers.  The FLSA defines "employer" as any individual who acts directly or

27   indirectly in the interest of an employer in relation to an employee.  Jonathan Seibert and

Jane Doe Seibert are owners of Vision Solar.  At all relevant times, they had the authority

to hire and fire employees, supervised and controlled work schedules or the conditions of

employment, determined the rate and method of payment, and maintained employment

records in connection with Plaintiff's employment with Defendants.  As persons who

acted in the interest of Defendants in relation to the company's employees, Jonathan

Seibert and Jane Doe Seibert are subject to individual liability under the FLSA.

16.      Plaintiff is further informed, believes, and therefore alleges that each of the

Defendants herein gave consent to, ratified, and authorized the acts of all other

Defendants, as alleged herein.

17.      Defendants, and each of them, are sued in both their individual and

corporate capacities.

18.      Defendants are jointly and severally liable for the injuries and damages

sustained by Plaintiff.

19.      At all relevant times, Plaintiff was an "employee" of Defendants as defined

by the FLSA, 29 U.S.C. § 201, *et seq.*

20.      The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to

Defendants.

21.      At all relevant times, Defendants were and continue to be "employers" as

defined by the FLSA, 29 U.S.C. § 201, *et seq.*

22.      The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to

Defendants.

23.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by the Arizona A.R.S. § 23-350, et seq.

24.     At all relevant times, Defendants were and continue to be "employers" as defined by A.R.S. § 23-350.

25.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

26.     At all relevant times, Defendants were and continue to be "employers" as defined by A.R.S. § 23-362.

27.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

28.     Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

29.     At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

30.     At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

31.     Plaintiff, in his work for Defendants, regularly handled goods produced or transported in interstate commerce.

## NATURE OF THE CLAIM

32.     Defendants own and/or operate as Defendant Vision Solar, an enterprise located in Maricopa County, Arizona.

-6-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

33. Defendants do business as "Vision Solar," a solar power company doing business in Phoenix, Arizona.

34. Plaintiff was hired by Defendants on or around February 2020 and worked for Defendants until approximately August 2020.

35. At all relevant times, Plaintiff worked for Defendants as a canvas manager.

36. Defendants, in their sole discretion, agreed to pay Plaintiff approximately $42,000 per year.

37. During the time that Plaintiff worked for Defendants, Plaintiff worked approximately 40 to 50 hours per week.

38. Defendants did not pay Plaintiff his paycheck for his final two weeks of work for Defendants.

39. As a result, Defendants did not pay Plaintiff for approximately 50 hours of work over the course of two workweeks.

40. As a result, Defendants failed to compensate Plaintiff any wage whatsoever for Plaintiff's final two weeks of work.

41. In or around March 2020, Plaintiff left his job with Defendants because he went on active-duty order for covid relief with the United States National Guard.

42. While on covid relief with the United States National Guard, Plaintiff began working for Defendants again on a part-time basis. As part of this arrangement, Defendants agreed that they would still pay Plaintiff his full salary while working part-time.

43. Defendants final two workweeks took place in approximately August 2020.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

44.     Defendants did not pay Plaintiff any wage whatsoever for his final two workweeks.

45.     To date, Defendants have still paid no wages whatsoever to Plaintiff for such hours worked.

46.     As a result of Defendants' having improperly failed to compensate Plaintiff any wage whatsoever for Plaintiff's final two weeks of work, Defendants failed to pay the applicable minimum wage to Plaintiff.

47.     As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated 29 U.S.C. § 206(a).

48.     As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

49.     Plaintiff was a non-exempt employee.

50.     Plaintiff is a covered employee within the meaning of the FLSA.

51.     Plaintiff is a covered employee within the meaning of the AMWA.

52.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

53.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

54.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

55.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY MINIMUM WAGE**

56.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

57.     As a result of not paying Plaintiff any wage whatsoever for the final two workweeks of his employment, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

58.     Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

59.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, John Coby, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendant violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be

determined at trial;

C.     For the Court to award compensatory damages, including liquidated

damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the

action pursuant to 29 U.S.C. § 216(b) and all other causes of action set

forth herein;

F.     Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

60.     Plaintiff realleges and incorporates by reference all allegations in all

preceding paragraphs.

61.     As a result of not paying Plaintiff any wage whatsoever for the final pay

period of his employment, Defendant failed or refused to pay Plaintiff the Arizona

minimum wage.

62.     Defendant's practice of failing or refusing to pay Plaintiff at the required

minimum wage rate violated the AMWA, 23-363.

63.     Plaintiff is therefore entitled to compensation for the full applicable

minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to

twice the underpaid wages as liquidated damages, together with interest, reasonable

attorney's fees, and costs.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

**WHEREFORE**, Plaintiff, John Coby, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.  For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B.  For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.  For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.  For the Court to award prejudgment and post-judgment interest;

E.  For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.  Such other relief as this Court shall deem just and proper.

**<u>JURY TRIAL DEMAND</u>**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 25th Day of March, 2022.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

**VERIFICATION**

Plaintiff, John Coby, declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof.  The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, she believes them to be true.


*John Coby II (Mar 25, 2022 11:31 PDT)*
John Coby